No. 4394.

### MRS. A. M. JENNINGS v. MRS. F. M. McCONNICO.

No appeal is to be entertained from an order allowing an intervenor, as owner, to bond property provisionally seized. The right to do so is expressly conferred by law (section 2915 R. S.); and the judge a quo had no discretion but to grant the order—the bond furnished taking the place of the property released. There can therefore be no irreparable injury resulting from the granting of the order, and the law has provided ample remedy in case the order should not be properly executed. An appeal would be without practical benefit.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J.* *B. R. Forman,* for plaintiff and appellant. *E. H. Huntington,* for sub-lessee, John P. Fowler, defendant and appellee. *H. W. Handlin,* for C. R. Poole, intervenor and appellee. *M. M. Cohen,* for Louis Grunewald, intervenor and appellee. *E. Filleuil,* for C. S. Sauvinet, civil sheriff.

HOWELL, J.  The plaintiff sued the defendant for rent, and caused the furniture in the leased premises to be provisionally seized. Three parties, J. P. Fowler, E. R. Poole, agent, and L. Grunewald, intervened separately, and obtained orders to release the property severally claimed by them. The plaintiff appealed from the said orders, and

also from a judgment on a rule taken by her to rescind the order in favor of said Fowler.

Grunewald and Fowler move to dismiss the appeal from the orders or judgments in their favor, on the grounds:

*First*—That the claim of said Grunewald is for a piano shown to be worth only $200.

*Second*—The judgment, making absolute the rules to bond, is interlocutory, and does not work an irreparable injury.

I.   The first ground is well taken, and the appeal, as to Grunewald, must be dismissed.   The proceeding can not be likened to a *concursus*, in which the value of all the property gives jurisdiction; but is simply a separate demand, made by a third party intervening, who claims to be the owner of specific property under seizure, and it is the amount of his demand, or the value of the property claimed by him, which is the matter in dispute, and this is below $500.   Had he failed in his demand to bond, it is clear that he could not have appealed, and having succeeded, his opponent or antagonist can not appeal for the same reason, the matter in dispute not exceeding $500.

II.   The second ground presents more difficulty, but we are constrained to apply the doctrine repeatedly recognized by this Court, that where the party is compelled to resort to another suit to obtain redress, the injury caused by an interlocutory order must be held to be irreparable, and to maintain the appeal as to J. P. Fowler, whose claim is over five hundred dollars.   See 23 An. 51 and the cases there cited. The plaintiff, in this instance, if successful, will have to pursue Fowler on the bond of release, which takes the place of the property seized and released.

It is therefore ordered that the appeal, as to Grunewald, be dismissed, at the costs of appellant; and, in other respects, the motion to dismiss is overruled.

---

## On Rehearing.

HOWELL, J.   A rehearing was granted in this case, because we doubted the application, in this instance, of the doctrine that where the party is compelled to resort to another suit to obtain redress, the injury caused by an interlocutory order must be held to be irreparable, and an appeal allowable.

After further reflection and examination, we conclude that it should not be applied in this case, where the plaintiff has appealed from an order allowing an intervenor, as owner, to bond the property provisionally seized herein.   The right to do so is expressly conferred by law (sec. 2915 R. S.), and the judge, it would seem, had no discretion but to grant the order, the bond furnished taking the place of the

property released. There can, therefore, be no irreparable injury resulting from the granting of the order. The law has provided ample remedy in case the order should not be properly executed. An appeal would be without practical benefit, as we would likewise have to recognize the right of the intervenor and mandate of the law.

It is therefore ordered that our decree herein, so far as it maintains the appeal of J. P. Fowler, be set aside, and that the said appeal be dismissed, with costs; and that, in other respects, the said decree remain undisturbed.

MORGAN, J. This case is now before us on its merits.

The appellant has assigned no errors in the judgment appealed from; has filed no brief; made no argument. We can not say that the district judge erred.

Judgment affirmed.